UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE M. WILLIAMS,

      Plaintiff,

   v.                Case No. 06-C-1133

LYNETTE DANKERT
JERRY REINKE,

      Defendants.

**DECISION AND ORDER**

  Plaintiff Willie M. Williams, a Wisconsin state prisoner, lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

  The plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

  In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed

an initial partial filing fee of $.43. He has paid an initial partial filing fee of $.34 as well as an additional $.50 payment towards the filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

2

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff is currently incarcerated at Waupun Correctional Institution (WCI). Defendant Lynette Dankert is a parole agent and defendant Jerry Reinke is a parole agent supervisor. The plaintiff claims that the defendants violated his constitutional rights by holding his property, including religious materials, legal materials, and writing materials, and refusing to return it. As a result of the defendants' refusal to return his property, the plaintiff was unable to fight his revocation hearing.

According to the complaint, the plaintiff was released from WCI on January 31, 2006. Upon the plaintiff's release, defendant Dankert was in possession of his religious and legal materials. Defendants Dankert and Reinke told WCI that anything that belonged to the plaintiff at WCI should

3

be held and given to them. On May 10, 2006, the plaintiff was arrested in Illinois. After several days, he was returned to Wisconsin where he was detained at the Milwaukee Secure Detention Facility. The plaintiff's probation was revoked and he is now back at WCI.

The plaintiff asserts that the defendants' failure to return his property to him is a "violation of my religious act." (Compl. at unpaginated 11.) He also states that his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution have been violated, and that he lost his revocation hearing because he did not have access to his legal or religious materials. The plaintiff sues the defendants in their individual capacities. He seeks monetary damages and that the defendants be fired from their jobs.

Prisoners have a due process right of access to the courts and must be given a reasonably adequate opportunity to present their claims. *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Such access must be effective and meaningful. *Id.* at 822. To succeed on a claim of denial of access to the courts, a plaintiff must show that any alleged interference caused actual injury and hindered efforts to pursue a legal claim respecting a basic constitutional right. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The plaintiff may proceed on an access to the courts claim based on his allegations that the defendants' holding of his property led to the revocation of his probation.

It is unclear what the plaintiff means when he states that the defendants' actions violated his "religious act." However, the plaintiff does not state a claim under either the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, or the First Amendment's Free Exercise Clause. "RLUIPA forbids (so far as bears on this case) prisons that receive federal funding to burden a prisoner's exercise of religion substantially unless the prison both has a compelling interest and employs the least restrictive means possible for protecting that interest." *Lindell v.*

4

*McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003). The Wisconsin prison system receives federal funding. *Id.* at 1110 (citing *Charles v. Verhagen*, 348 F.3d 601, 606 (7th Cir. 2003)). "[T]o state a claim under RLUIPA a Wisconsin prisoner need allege only that the prison has substantially burdened a religious belief[.]" *Lindell*, 352 F.3d at 1110.

Under the First Amendment's Free Exercise Clause, an inmate retains the right to exercise his religious beliefs in prison. *Kaufman v. McCaughtry*, 419 F.3d 678, 681 (7th Cir. 2006) (citing *Tarpley v. Allen County, Ind.*, 312 F.3d 895, 898 (7th Cir. 2002)). To prevail under the Free Exercise Clause, a plaintiff must show a "substantial burden" on a "central religious belief or practice". *Kaufman*, 419 F.3d at 683 (citing *Hernandez v. Comm'n of Internal Revenue*, 490 U.S. 680, 699 (1989)).

The plaintiff's allegations with regard to his religious materials are that they were treated just like his legal materials in that the defendants were holding them. He alleges that the deprivation of his religious and legal materials denied him access to the courts. There is no indication or allegation or inference that can be made to support a claim that this was being done to not allow the plaintiff to exercise his religion and therefore, he may not proceed on religious-based claims.

In sum, the court finds that the plaintiff has alleged sufficient facts to support a claim of denial of access to the courts.

## ADDITIONAL MATTERS

The plaintiff has filed four motions. On November 13 and December 26, 2006, he filed motions to correct the spelling of defendant Jerry Reinke's last name. The spelling of his name has already been corrected on the docket and therefore, the plaintiff's motions will be denied as moot.

5

On November 13 and December 26, 2006, the plaintiff filed two motions related to the payment of his initial partial filing fee so that he could proceed *in forma pauperis*. Although not entirely clear, it appears that these motions served the purpose of informing the court that the plaintiff would be paying his initial partial filing fee. As noted, that payment has already been made and the plaintiff is in fact proceeding *in forma pauperis* and therefore his two motions will be denied as moot.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct spelling (Docket #5) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion (Docket #6) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion (Docket #10) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend/correct (Docket #11) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $349.07 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

7

**SO ORDERED** this 11th day of April, 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

8

Case 2:06-cv-01133-JPS   Filed 04/11/07   Page 8 of 8   Document 17